# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARTHA L. SHEALEY,**

       **Plaintiff,**

**v.**                                          **Case No:   6:18-cv-1635-Orl-31GJK**

**GEOVERA SPECIALTY INSURANCE COMPANY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS OR ABATE WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 3)** |
| **FILED:** | **October 1, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On October 1, 2018, Plaintiff's Complaint against Defendant was removed to this Court from the State of Florida's Ninth Judicial Circuit.  Doc. No. 1.  The Complaint alleges a cause of action against Defendant for breach of contract for refusing to "pay for all of [the] losses" suffered at Plaintiff's residence pursuant to a homeowner's insurance policy (the "Policy") issued by Defendant.  Doc. No. 2.

On October 1, 2018, Defendant's Motion to Dismiss or Abate with Incorporated Memorandum of Law (the "Motion") was filed with this Court.[1]  Doc. No. 3.  In the Motion, Defendant argues it has properly demanded appraisal and the matter should be abated for appraisal pursuant to the terms of the Policy.  Doc. No. 3 at 3.  The Policy contains an appraisal provision which provides, in pertinent part:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.
> . . .
> If there is an appraisal:
> a.  You and we agree that any suit for or involving a disagreement in the amount of loss claimed under this policy shall be abated on the demand for appraisal by either you or us until after an appraisal award is issued in accord with this Condition; and
> b.  We retain the right to apply the policy coverages, terms and conditions under this policy to any appraisal award.

Doc. No. 3 at 4-5.

Plaintiff filed a response in opposition to the Motion arguing that the Motion is premature because there are threshold coverage issues that must first be resolved.  Doc. No. 19.  On January 7, 2019, the Court denied the portion of the Motion seeking dismissal and referred the the portion of the Motion seeking abatement to the undersigned for issuance of a report and recommendation. Doc. No. 26.

**II.   APPLICABLE LAW.**

Under Florida law, an appraisal provision in an insurance policy is enforceable by a court upon a motion or a petition to compel appraisal. *See, e.g., U.S. Fid. & Guar. Co. v. Romay*, 744 So. 2d 467, 468 (Fla. 3d Dist. Ct. App. 1999) (citations omitted). "Appraisals are creatures of

---

[1] Exhibits referenced in the Motion were not attached to the Motion, including the Policy.  Doc. No. 3.  Plaintiff does not take issue with the accuracy of the appraisal clause quoted in the Motion.  Doc. No. 3.  Thus, the Court accepts this appraisal clause language as accurate for the limited purpose of resolving the issue of whether the matter is subject to appraisal.

- 3 -

contract." *Citizens Prop. Ins. Corp. v. Casar*, 104 So. 3d 384, 385 (Fla. 3d Dist. Ct. App. 2013) (citations omitted). Absent ambiguity, the plain meaning of an insurance policy controls. *Arias v. Affirmative Ins. Co.*, 944 So. 2d 1195, 1197 (Fla. 4th Dist. Ct. App. 2006) (citation omitted).

A dispute regarding a policy's coverage is a question for the Court. *Gonzalez v. Am. Sec. Ins. Co.*, Case No. 8:15-cv-1515-36EAJ, 2015 U.S. Dist. LEXIS 183953, at *9-10 (M.D. Fla. Nov. 10, 2015). Coverage issues exist where there is a complete denial of coverage, not where there is a disagreement as to the extent of that coverage. *Fouladi v. Geovera Specialty Ins. Co.*, Case No. 6:18-cv-326-Orl-40KRS, 2018 U.S. Dist. LEXIS 135787, at *13 (M.D. Fla. Apr. 30, 2018). When an insurer admits there is a covered loss, but disagrees as to the amount of that loss, the amount of loss is subject to appraisal. *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002). "'[I]n evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of the covered damage and the *amount* to be paid for repairs.'" *Gulf Coast Sunshine Props., LLC. v. Econ. Preferred Ins. Co.*, 2:18-cv-709, 2018 U.S. Dist. LEXIS 211588 (Dec. 17, 2018) (quoting *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d Dist. Ct. App. 2014)) (emphasis in original).

In *Fouladi*, Geovera admitted there was a covered loss but the parties disagreed on the extent of that loss, including whether damage to the plaintiff's roof was covered or excluded under the policy. 2018 U.S. Dist. LEXIS 135787, at *13. Other courts make the same distinction between a complete denial of coverage and a limitation in the scope of coverage that would be subsumed within the appraiser's amount of loss determination. *People's Trust Ins. Co. v. Tracey*, 251 So. 3d 931, 933 (Fla. 4th Dist. Ct. App. 2018) ("when an insurer admits coverage and disputes the amount of loss, causation is to be determined by the appraisal panel); *Kendall Lakes Townhomes Developers, Inc. v. Agric. Excess & Surplus Lines Ins. Co.*, 916 So. 2d 12, 14-16 (Fla.

3d Dist. Ct. App. 2005) (where insurer concluded that only part of the damages were caused by a covered loss, but did not deny coverage, appraisal was appropriate as to the amount of loss because the insurer did not wholly deny coverage); *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, Case No. 18-60562, 2018 U.S. Dist. LEXIS 181022, at *26 (S.D. Fla. Oct. 18, 2018) (where insurer agreed to pay a portion of the claim, but declined to pay remainder based on exclusions in the policy, appraisal was appropriate).

### III.     ANALYSIS.

Plaintiff submitted a single claim to Defendant for water damage to her residence caused by a failed cast iron plumbing system.  Doc. No. 19 at 1-2.  Plaintiff alleges that Defendant failed to pay for all of Plaintiff's resulting losses.  Doc. No. 2 at 2.  In the Motion, Defendant states that it accepted coverage for the claim and issued payment to Plaintiff for a portion of Plaintiff's claimed loss.  Doc. No. 3 at 3.  Plaintiff challenges Defendant's improper limitation of coverage, failure to cover water damages that occurred in the first 13 days of her loss, and failure to cover necessary access to the failed cast iron plumbing and seeks to "obtain full benefits due under her claim."  Doc. No. 19 at 2.  Plaintiff also argues in her response that "Defendant contends policy exclusions and limitations apply to Plaintiff's entire claim."  Doc. No. 19 at 2.

In this case, Defendant has not wholly denied coverage, but rather has acknowledged some of the claim is covered while applying exclusions and or limitations to the remainder of Plaintiff's claim.  There is no doubt the parties dispute what exclusions and limitations should apply to the claim.  Nevertheless, in a case such as this where a defendant has acknowledged a covered loss occurred and paid a part of plaintiff's claim, the extent of that coverage, in light of the policy's exclusions and limitations, is properly considered in the appraisal process as part of determining the compensable amount of the plaintiff's loss.  *Johnson*, 828 So. 2d at 1025-26; *Tracey*, 251 So.

3d at 933; *ABC Univ. Shops, LLC* 2018 U.S. Dist. LEXIS 181022, at \*26; *Fouladi*, 2018 U.S. Dist. LEXIS 135787, at \*13.   Where there is no dispute Defendant has otherwise properly invoked the appraisal clause of the Policy, appraisal is appropriate and this case should be stayed while the parties proceed with appraisal pursuant to the terms of the Policy.

Accordingly, it is hereby **RECOMMENDED** that:

1. The Motion (Doc. No. 3) be **GRANTED to the extent that the case be stayed pending appraisal**;

2. The parties be directed to immediately obtain an appraisal in the manner prescribed in the Policy; and

3. The parties be directed to promptly dismiss this action should the appraisal resolve their dispute.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on January 10, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties